FILED
MAY 23 2008
[signature] CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| PHILIP N. GREENEN, | ) | CIV. 07-5070 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DIRK KEMPTHORNE, Secretary of | ) | ORDER DENYING |
| Interior, or his successor, ANNETTE | ) | DEFENDANTS' MOTION |
| WHEELER, Department of Interior, | ) | TO DISMISS |
| Bureau of Land Management; DERI | ) | |
| YOUNG, Department of Interior, | ) | |
| Bureau of Land Management, MICHAEL | ) | |
| MILLER, Department of Interior, | ) | |
| Bureau of Land Management, DON | ) | |
| ROBERTS, Department of Interior, | ) | |
| Bureau of Land Management; ROBERT A. | ) | |
| BENNETT, Department of Interior, | ) | |
| Bureau of Land Management; DAVID L. | ) | |
| BERNHARDT, Department of Interior | ) | |
| Solicitor, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Philip Greenen (Greenen), commenced this action seeking redress for alleged violations of the Age Discrimination in Employment Act of 1967 (ADEA). Defendants filed this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) upon receipt of service of the complaint.

## BACKGROUND

In 2005, Greenen was employed, and still is, as a federal law enforcement officer with the Forest Service, an agency within the United States Department of Agriculture. Complaint, ¶ 4, 25.  Greenen applied for a criminal investigator position with the Bureau of Land Management, an agency within the United States Department of Interior.  Complaint, ¶ 25.  The vacancy announcement stated that "'[p]ersons making their first entry into a law enforcement position under these authorities cannot be selected if over age 37. . . . Persons with previous approved service who apply cannot be considered if their age at reentry into a primary position exceeds 37 years . . . .'"  Complaint, ¶ 3.  At the time of making the application for the position, Greenen was age 59.  Complaint, ¶ 1.

Shortly after submitting his application, Greenen received an email from a human resource assistant which informed him that "he was rated as most highly qualified."  Complaint, ¶ 5.  Approximately one week later, Greenen received another email message informing him that he was beyond the age requirement and that the Bureau of Land Management does not waive the age requirement.  Complaint, ¶ 6.  Greenen filed both an informal and formal complaint for violation of the ADEA but did not receive relief.  Complaint, ¶ 7-10.  Subsequently, a younger individual was hired for the position.  Complaint, ¶ 29.

2

## DISCUSSION

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) alleging that it fails to state a claim upon which relief may be granted. "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, (8th Cir. 1997) (citing Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974)). See also Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).

Greenen alleges defendants violated the ADEA. "The ADEA prohibits employers from discriminating against employees, age 40 and over, because of their age." Ward v. International Paper Co., 509 F.3d 457, (8th Cir. 2007) (citing 29 U.S.C. §§ 623(a)(1), 631(a)). "In a failure-to-hire case, the prima facie case of age discrimination consists of four elements: '(1) the plaintiff was in the protected age group (over 40), (2) the plaintiff was otherwise qualified for the position, (3) the plaintiff was not hired, and (4) the employer hired a younger person to fill the position." Christensen v. Titan Distribution, Inc., 481 F.3d 1085, 1095 (8th Cir. 2007) (quoting Chambers v. Metro. Prop. & Cas. Ins. Co., 351 F.3d 848, 856 (8th Cir. 2003)).

Here, Greenen has alleged that he was age 59 at the time that he applied for the position. Complaint, ¶ 1, 30. He further alleges that he was qualified for the position but was not hired. Complaint, ¶ 4-6, 10, 25-27. Finally, Greenen asserts that a younger individual was ultimately hired for the position. Complaint, ¶ 10, 29. Assuming all facts in the complaint are true, Greenen has stated a claim upon which relief may be granted.

Defendants argue, however, that this position is exempt from the protection of the ADEA as it is a law enforcement position subject to 5 U.S.C. § 3307(e). Title 5 of the United States Code, section 3307(e) provides that "[t]he head of an agency may determine and fix the maximum age limit for an original appointment to a position as a firefighter or law enforcement officer . . . ." In the instant case, the Secretary for the Department of Interior has set the maximum age limit for an original appointment to law enforcement positions as age 37.

Defendants argue that since Greenen was age 59 at the time of his application, and not previously employed in such a capacity by the Department of Interior, he was properly barred from consideration based upon his age. Greenen contends that this is not an original appointment but rather a "transfer" and as such, the age limitation is not applicable. Greenen further asserts that a waiver of the age limitation could be granted

4

in this case as such waivers have been granted in other similar situations. Complaint, ¶ 39.

Greenen's contention that this would be a transfer and not an original application or re-entry is a legitimate issue that is not amenable to dismissal under Federal Rule of Civil Procedure 12(b)(6). Further, the issue of whether the age limitation was waived for others similarly situated but not offered to Greenen is also an issue that is not amenable to 12(b)(6) dismissal. Accordingly, it is hereby

ORDERED that defendants' motion to dismiss for failure to state a claim (Docket #7) is denied.

Dated this 23rd day of May, 2008.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

5