UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**
SEP 1 0 2008
CLERK

| | | |
|---|---|---|
| PHILIP N. GREENEN, | ) | CIV. 07-5070 |
| Plaintiff, | ) | |
| vs. | ) | |
| DIRK KEMPTHORNE, Secretary of Interior, or his successor, ANNETTE WHEELER, Department of Interior, Bureau of Land Management; DERI YOUNG, Department of Interior, Bureau of Land Management, MICHAEL MILLER, Department of Interior, Bureau of Land Management, DON ROBERTS, Department of Interior, Bureau of Land Management; ROBERT A. BENNETT, Department of Interior, Bureau of Land Management; DAVID L. BERNHARDT, Department of Interior Solicitor, | ) | ORDER |
| Defendants. | ) | |

Plaintiff, Philip Greenen (Greenen), commenced this action seeking redress for alleged violations of the Age Discrimination in Employment Act of 1967 (ADEA). Pending before the Court is a motion to intervene by Paul F. Little (Little), Jonathan Lee Riches (Riches), and Joseph R. Francis (Francis). In their motion, intervenors allege that they "have a common financial interest in this case to support the Plaintiff. . . ." No further information or evidence is offered in support of this assertion.

Before a motion to intervene may be granted, the Court must first determine if the movants have standing. "Article III standing is a prerequisite for intervention in a federal lawsuit. . . ." Standard Heating and Air Conditioning Co. v. City of Minneapolis, 137 F.3d 567, 570 (8th Cir. 1998). The United States Supreme Court has held that there are three elements that must be met for a party to have standing. See Lujan v. Defenders of Wildlife, et al., 504 U.S. 555, 561, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992).

> First, the plaintiff must have suffered an "injury in fact" - - an invasion of a legally protected interest which is (a) concrete and particularized, . . . (b) "actual or imminent, not 'conjectural' or 'hypothtical,'[sic]. . . . Second, there must be a causal connection between the injury and the conduct complained of - - the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'[sic]  Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Id. (citations omitted). If it is determined that the movants have standing, the Court may then address whether it is appropriate for the movants to intervene.

There is nothing in the record which shows that Little, Riches, or Francis have suffered an injury in fact. As a result, the Court finds that neither Little, Riches, nor Francis have the requisite standing to intervene in this matter. Accordingly, it is hereby

ORDERED that the motion to intervene (Docket #20) is denied.

Dated this 10 day of September, 2008.

BY THE COURT:

*[signature]*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE