UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| PHILIP N. GEENEN, | ) | CIV. 07-5070-JLV |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | MOTION TO INTERVENE |
| | ) | AND ORDER PROHIBITING |
| KEN SALAZAR, Secretary of the Interior, | ) | FURTHER ABUSE OF PROCESS |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Plaintiff, Phillip Greenen, initiated this action seeking redress for alleged violations of the Age Discrimination in Employment Act of 1967 (ADEA). (Docket 1). Pending before the court is a motion to intervene as plaintiffs by the following individuals: Jonathan Lee Riches, Richard Galietti, Patrick J. Simpson, Isong Akpan, Andre Cowley, Mario Alvarado, Eddie Whitlow, Jermod Holmes, Jimmy O'Neal Brown, and George Burbour. (Docket 77). Mr. Riches also moved for an extension of time to pay "appellate filing fee." Id.

## HISTORY OF SERIAL LITIGATION

Each of these proposed interveners are prisoners at the federal medical center in Lexington, Kentucky. Id. The motion to intervene contains outrageous allegations of sexual abuse by medical staff at the Kentucky facility. Id. None of those claims have any connection to plaintiff's case or to the defendant in this action.

This is the second time Jonathan Lee Riches (and others not named above) have sought to intervene in this case. (Docket 20). On September 10, 2008, United States District Judge Richard H. Battey denied Mr. Riches' motion as he failed to establish that he had any standing to intervene. (Docket 25).

The Prison Litigation Reform Act, 28 U.S.C. § 1915, establishes the procedure by which a prisoner may access the court, pursuant to 42 U.S.C. § 1983, claiming a violation of civil rights. Section 1915(e)(2) states:

> . . . the court shall dismiss the case at any time if the court determines that--
>
> (A)  the allegation of poverty is untrue; or
>
> (B)  the action . . .
>
> (i)  is frivolous or malicious;
>
> (ii)  fails to state a claim on which relief may be granted; or
>
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

Id. Section 1915(g) further directs:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

Mr. Riches' strategy in alleging eminent danger of serious physical injury is obvious based on his history of serial litigation in the court system of the United States.[1] Since the filing of the current motion to intervene, the court learned that Mr. Riches has a long history as a serial litigator. See Riches v. Hughes, Civil Action No. 0:08-CV-085-HRW (Docket 3) (E.D. Ky. June 18, 2008) (unpublished) (hereinafter "Kentucky Riches"), and Riches v. Various Defendants, 2008 WL 509547 (W.D. Va. Feb. 22, 2008) (hereinafter "Virginia Riches").

In the Kentucky proceeding, United States District Judge Henry R. Wilhoit, Jr., reviewed Mr. Riches' extensive history of frivolous litigation. The court took judicial notice of 2,023 federal cases which Mr. Riches filed as of that date. Kentucky Riches (Docket 3, p. 2). Mr. Riches has been enjoined from filing litigation of any type without judicial permission in federal district courts in Massachusetts, Virginia, Michigan, and Kentucky. Id. at pp. 1-2 and 5. As of February 2009, Mr. Riches had cases dismissed as frivolous and for failure to state a claim in federal district courts in Florida, Ohio, Indiana, California, Arkansas, Delaware, Maryland, and Nevada. Virginia Riches, at p. 1, fn. 2.

---

[1] It is apparent to the court that the other movants are simply followers of Mr. Riches' conduct described in this order.

## FINDINGS AND ORDER

Based on this review of abusive litigation tactics, the court makes the following findings:

1. Mr. Riches' filings are not exempt from the three strikes provision of § 1915(g);

2. The present motion to intervene is frivolous and without merit;

3. The present motion to intervene fails to state a claim upon which relief can be granted; and

4. Mr. Riches' attempt to file this action in a district other than Kentucky is a direct and deliberate effort to circumvent the litigation prohibition imposed by Judge Wilhoit in the Kentucky litigation cited above.

Based on these findings, it is hereby

ORDERED that the motion to intervene by Jonathan Lee Riches, Richard Galietti, Patrick J. Simpson, Isong Akpan, Andre Cowley, Mario Alvarado, Eddie Whitlow, Jermod Holmes, Jimmy O'Neal Brown, and George Burbour (Docket 77) is denied.

IT IS FURTHER ORDERED that the motion for extension of time to pay "appellate fees" by Mr. Riches (Docket 77) is denied.

IT IS FURTHER ORDERED that Jonathan Lee Riches is enjoined from filing any further lawsuits, motions to intervene, or other pleadings in the United States District Court for the District of South Dakota, unless the pleadings are signed pursuant to Fed. R. Civ. P. 11 by an attorney admitted to

the court, or unless a federal judicial officer authorizes in writing the filing of such pleadings in advance.

IT IS FURTHER ORDERED that the Clerk of Courts in the District of South Dakota shall not file any pleading on behalf of Jonathan Lee Riches unless he has complied with the directives prescribed above.

Dated August 25, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE